**STATE of Tennessee**

**v.**

**Joseph L. LANDS.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 10, 2012 Session.

March 29, 2012.

Ryan B. Feeney, Selmer, Tennessee; and Christopher F. Donovan, Memphis, for the appellant, Joseph L. Lands.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Bob Gray, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Defendant, Joseph L. Lands, pled guilty to vehicular homicide by intoxication, and he intended, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), to reserve the following certified question of law for appeal: "Whether proof of actual attempts by law enforcement officers to obtain a lawful warrant must be placed on the record before the court may find that exigent circumstances exist, such that the warrant requirement can be excused?" After review of the entire record, we conclude this appeal must be dismissed.

**Procedural History**

On October 11, 2010, Defendant was charged in a seven-count indictment with the following offenses, all related to a vehicle wreck in which the victim, Steve Lawson, was killed on April 13,2009:

Count 1: Vehicular Homicide by Intoxication

Count 2: Aggravated Vehicular Homicide

Count 3: Vehicular Homicide by Reckless Conduct

Count 4: DUI with prior DUI convictions

Count 5: Felony DUI

Count 6: Driving While License Suspended, Canceled, or Revoked

Count 7: Reckless Driving

Defendant, through counsel, filed a motion to suppress evidence, including the results of a test of his blood drawn at the scene of the wreck at the specific request of a law enforcement officer investigating the fatal crash. The victim was dead at the scene, and Defendant was awaiting an Air Vac transport to a Jackson hospital. No search warrant was issued directing withdrawal of the blood.

Following an evidentiary hearing, the trial court denied Defendant's motion to suppress. Defendant and the State entered into a negotiated plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(c)(1)(A) and (C). Pursuant to the agreement, Counts 2, 3, 4, 5, 6, and 7 of the indictment were dismissed. Also, Defendant pled guilty as charged in Count 1 to the offense of vehicular homicide by intoxication and received the agreed upon minimum sentence of 12 years as a Range II multiple offender. Finally, the judgment and the trial court's statements at the guilty plea hearing indicate Defendant's intention to reserve for appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37. A separate order was entered reflecting the reservation of a certified question of law for appeal on the same day the judgment of conviction was entered. In addition to stating the certified question of law for appellate review, this separate order also had the following pertinent provision:

Defendant submits that the result of the blood test are critical to the State's proof of intoxication, without which there would be insufficient basis to sup-

port a conviction for the offense charged, and that therefore the question presented is a dispositive one. This Court agrees that the issue is dispositive. *The State, pursuant to T.R.Cr.P. 37(d)* [sic] *does not agree that the issue is dispositive.*

(Emphasis added).

Taken in context, it is obvious to this Court that the above reference to "T.R.Cr.P. 37(d)" is incorrect, and that the order intended to refer to Tennessee Rule of Criminal Procedure 37(b)(2)(D). Tennessee Rule of Criminal Procedure 37(d) pertains to the requirement that before a guilty verdict becomes final, either a notice of appeal or a waiver of appeal shall be filed by a defendant.

The trial court's order was signed as "Approved for Entry" by both the assistant district attorney and Defendant's counsel. The order does specifically state that the certified question of law was expressly reserved for appeal with the consent of the Court and the State, in addition to Defendant. The State continues to maintain on appeal that the certified question of law is not dispositive of the case, and that therefore the appeal should be dismissed.

At the time Defendant's guilty plea was entered on February 14, 2011, the Tennessee Rules of Criminal Procedure pertinent to the right of a defendant to plead guilty to an offense, yet still reserve the right to appeal a certified question of law, provided in relevant part:

> **RULE 37. APPEAL.**—(a) Definition of an Appeal.—An "appeal" refers to direct appellate review available as a matter of right, appeals in the nature of writs of error, and all other direct appeals in criminal cases.
>
> (b) When an Appeal Lies.—The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:
>
> (1) on a plea of not guilty; or
>
> (2) *on a plea of guilty or nolo contendere,* if:
>
> (A) the defendant entered into a plea agreement under *Rule 11(a)(3)* but explicitly reserved—with the consent of the state and the court— the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; *or*
>
> (B) the defendant seeks review of the sentence and there was no plea agreement under Rule 11(c); *or*
>
> (C) the errors complained of were not waived as a matter of law by the guilty *or nolo contendere* plea, or otherwise waived, and if such errors are apparent from the record of the earlier proceedings; *or*
>
> (D) the defendant—with the consent of the court—explicitly re-

served the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2) are met, *except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.*

Tenn. R.Crim. P. 37 (2010) (italicized emphasis added).

Tennessee Rule of Criminal Procedure 11(a)(3), referred to in sub-section (A) of Rule 37(b)(2), by its explicit terms applies *only* when a defendant enters a *conditional* guilty plea or a plea of nolo contendere:

**RULE 11. PLEAS.**—(a) Plea Alternatives.—

(1) In General.—A defendant may plead not guilty, guilty, or nolo contendere. The court shall enter a plea of not guilty if a defendant refuses to plead or if a defendant corporation, limited liability company, or limited liability partnership fails to appear.

(2) Nolo Contendere.—A defendant may plead nolo contendere only with the consent of the court. Before accepting a plea of nolo contendere, the court shall consider the views of the parties and the interest of the public in the effect administration of justice.

*(3) Conditional Plea.—A defendant may enter a conditional plea of guilty or nolo contendere in accordance with Rule 37(b).*

Tenn. R.Crim. P. 11(a)(1)–(3) (2010) (italicized emphasis added).

A literal reading of Rule 37 and Rule 11(a)(3) together provides that the State must (1) consent to reservation of the certified question for appeal, and (2) agree that the certified question is dispositive on appeal *only* if a defendant enters a *conditional* plea of guilty or a plea of nolo contendere. Under this literal reading of the rules, when a negotiated plea of guilty is made by the defendant, as was done in the case *sub judice,* Rule 37(b)(2)(D) provides that the judgment or separate order containing the certified question "need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive."

This interpretation is clearly not consistent with the historical intent of these rules, nor the previous interpretation of the applicable rules by this Court. *See State v. Carlos E. Bryan,* No. M2001–02705–CCA–R3–CD, 2002 WL 31769200 (Tenn.Crim.App. Dec. 11, 2002) *no perm. app. filed.* Prior to the 2006 edition of Tennessee Code Annotated, Court Rules, Volume 1, Tennessee Rule of Criminal Procedure 37(b)(2) allowed a defendant to appeal *even* from a guilty plea if he or she "entered into a plea agreement under [Tenn. R.Crim. P.] 11(e)" but explicitly reserved a dispositive certified question of law with the consent of both the state and the trial court. (Emphasis added). Subsection (e) of Tennessee Rule of Criminal Procedure 11 was titled "Plea Agreement Procedure." The 2006 edition of Tennessee Code Annotated, Court Rules, Volume 1 made changes in Tennessee Rules of Criminal Procedure 11 and 37. Among changes in wording, numbering, and lettering, the new Rule 37 permitted an appeal from a plea of guilty if a defendant enters "into a plea agreement under [Tenn. R.Crim. P.] 11(a)(3)" but reserves with the consent of both the state and trial court to appeal a certified question of law dispositive of the case. (Emphasis added). Notably, the subsection of Tennessee Rule of Criminal Procedure 11 titled "Plea Agreement Procedure" was changed in 2006 from Rule "11(e)" to Rule "11(c)." (Emphasis added).

It is obvious to this Court that the reference to "Rule 11(a)(3)" in Rule 37(b)(2)(A) is a mistake. It should have stated "Rule 11(c)," the subsection which was previously designated "Rule 11(e)" ("Plea Agreement Procedure") but had been re-designated (at the same time as the changes to Rule 37 were made) to "Rule 11(c)."

In the case *sub judice,* wherein Defendant entered into a negotiated plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(c)(1)(C), (the State agreed that a specific sentence is the appropriate disposition of the case), Defendant attempted to reserve a certified question of appeal without the State's agreement that the certified question was dispositive of the case. In support of this procedure Defendant relies upon Tennessee Rule of Criminal Procedure 37(b)(2)(D) which states as follows:

> (D) the defendant—with the consent of the court—explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2) are met, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

We initially note that the reference above to "Rule 37(b)(2)," without more specificity, makes little sense, as subsection "(D)" is a part of "Rule 37(b)(2)." Nevertheless, examination of previous versions of Rule 37 assists us in applying the rule to this case on appeal. Effective July 1, 2002, Tennessee Rule of Criminal Procedure 37, subsections(b)(2)(i) and (iv) were amended to read as follows:

> (b) When an Appeal Lies.—An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
> . . .

> (2) Upon a plea of guilty or nolo contendere if:
>
> (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (A) The judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; or
>
> (ii) The defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or
>
> (iii) The error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or
>
> (iv) The defendant explicitly reserved with the consent of the court the right to appeal a certified ques-

tion of law that is dispositive of the case, and the requirements **of subsection (i) are met,** except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

Tenn. R.Crim. P. 37(b) (2003) (emphasis added).

According to the Advisory Commission Comments and the compiler's notes to the 2003 edition of Tennessee Code Annotated, Court Rules, Volume 1, the 2002 amendments to the Tennessee Rule of Criminal Procedure 37(b)(2)(i) and (iv) were to specify the requirements for appeals of certified questions of law which were mandated by the Tennessee Supreme Court in *State v. Preston,* 759 S.W.2d 647 (Tenn.1988). The amendments were adopted by order of the Supreme Court on January 30, 2002. Prior to these amendments, Rule 37(b)(2)(i) through (iv) read,

> (b) When an Appeal Lies.—An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:

> . . .

> (2) Upon a plea of guilty or nolo contendere if:

> (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or

> (ii) Defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or

> (iii) The error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

> (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

Tenn. R.Crim. P. 37(b) (2002).

*State v. Carlos Bryan, supra,* is an opinion filed in December 2002, after the effective date of the above quoted amendments to Rule 37. However, our review of the record in that case confirms that *Bryan* involved an appeal of a guilty plea attempting to reserve a certified question of law where the guilty plea was entered prior to the effective date of the amendments to Rule 37. In *Carlos Bryan,* the defendant entered into a negotiated plea of guilty to possession of over seventy pounds of marijuana with intent to sell or deliver, with an agreed sentence of eight years. *Id.* at *1. The documentation relating to the defendant's attempt to reserve a certified question of law stated that he entered into the plea of guilty reserving the issue for appeal pursuant to "Tennessee Rule of Criminal Procedure 37(b)(2)(*iv*)." *Id.* (emphasis added). On appeal the State argued that this Court did not have jurisdiction to entertain the appeal because nothing in the documents showed the State's consent to the defendant's reservation of a certified question for appeal following his plea of guilty. Specifically relevant to the case *sub judice* is this Court's framing of the issue in *Carlos Bryan:*

> The state contends that this court does not have jurisdiction to entertain the appeal. *It contends a certified question of law pursuant to a negotiated plea of guilty with an agreed sentence also requires the consent of the state under subjection (i) of Tennessee Rule of Criminal Procedure 37(b)(2) and may not be certified pursuant to subsection (iv),* the latter of which only re-

quires the consent of the court. We must agree with the state.

*Id.* (emphasis added).

This Court gave the following analysis in reaching its holding:

> Subsection (iv) "allows the defendant to appeal a certified question of law *without the consent of the district attorney.* This provision would *only apply where there was no plea agreement* and the defendant pled to the charge with the court imposing sentence." Committee Comment, Tenn. R.Crim. P. 37 (emphasis added). It further appears to the court that there is a rational basis for requiring the state's consent to a certified question of law entered pursuant to a plea agreement. In such a situation, the state agrees with the defendant to take a position with regard to the sentence; thus, requiring the state's consent to the certified question of law is logical.

*Id.* at *2 (emphasis in original).

As to Defendant's case in this appeal, it is clear that current subsection (b)(2)(D) of Rule 37 is substantively the same as the provision found in Tennessee Rule of Criminal Procedure 37(b)(2)(iv) (2002) which was interpreted in *Carlos Bryan.* Thus the holding in *Carlos Bryan* remains persuasive authority for this Court in this case. We choose to follow *Carlos Bryan.* Because Defendant entered into a negotiated plea agreement with an agreed sen-

tence, the *only* avenue available to him to properly reserve a certified question of law for appeal was pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A)(i) through (iv). Subsection (iv) requires that both the trial court *and* the state agree that the certified question is dispositive of the case. With the State's refusal to agree that the certified question is dispositive of the case, Defendant's only option to plead guilty and appeal pursuant to Tennessee Rules of Criminal Procedure 37(b), would be to plead guilty to the offense without any agreement by the State that a specified sentence was appropriate and binding pursuant to the plea agreement. *Carlos Bryan,* at *1. Here, it is abundantly clear that the State did *not* agree the certified question was dispositive. Accordingly, we are without jurisdiction to entertain the appeal.

[THE REMAINING PORTION OF THIS OPINION IS NOT PUBLISHED AT THE DIRECTION OF THE COURT]

## CONCLUSION

The appeal is dismissed for the reasons stated herein.